UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 15-20211
    Honorable Victoria A. Roberts

ALBERT WILLIAMS,

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO STAY RESTITUTION OBLIGATIONS</u>**

    The above entitled motion is before the Court. The Court sentenced Mr. Williams on January 13, 2016 and imposed a restitution obligation on him in the amount of $102,097.38. Two other restitution obligations have been imposed on Williams; he has outstanding payments of $8,355.00 and $94,006.23 on them. Williams argues that the combination of these restitution obligations, the fact that he no longer gets outside financial assistance and earns less than ten dollars per month, and that he must now make monthly - not quarterly - payments of $25.00, imposes a burden on him that he cannot satisfy. He requests that the Court stay his obligation to pay until 60 days after his release from prison. He is serving a 64 month sentence.

    The Government correctly points out that the Sixth Circuit held that a district court lacks jurisdiction to become involved in the management of an inmate's participation in the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) after ordering that an inmate participate in it:

1

> The obstacle [the defendant] must overcome on appeal, however, is the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons. [The defendant] does not cite to any such authority in the body of his motion nor in his appellate brief despite the myriad of citations contained therein. What authority exists in this area supports the IFRP against general, and due process, challenges.

*United States v. Callan,* 96 F. App'x 299, 301 (6th Cir. April 13, 2004); *see also United States v. Rosenbaum*, Case Number 11-20427 (E.D. Mich.) (July 27, 2016 Order, Docket Entry 149).

The BOP performs a semiannual assessment of prisoner financial resources and will do so for Williams again in January.

Given this Court's lack of jurisdiction and the BOP's ability to assess Williams' finances based on far more information available to it than the Court has, Williams' Motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 13, 2017